# EXHIBIT 8

S Rep. No. 82-1495 (1952)

**Calendar No. 1423**

| 82d Congress  <br>*2d Session* | SENATE | Report  <br>No. 1495 |

# MACHINE GUNS AND SHORT-BARRELED FIREARMS

May 1, 1952.—Ordered to be printed

Mr. George, from the Committee on Finance, submitted the following

# REPORT

[To accompany H. R. 7189]

The Committee on Finance, to whom was referred the bill (H. R. 7189) to amend the provisions of the Internal Revenue Code which relate to machine guns and short-barreled firearms, so as to impose a tax on the making of sawed-off shotguns and to extend such provisions to Alaska and Hawaii, and for other purposes, having considered the same, report favorably thereon without amendment and recommend that the bill do pass.

By virtue of this action the House report is accepted as follows:

### PURPOSE

The purpose of the bill is to bring the act of making sawed-off shotguns and rifles, or otherwise transforming a weapon into a firearm, within the tax on firearms imposed by subchapter B of chapter 25 of the Internal Revenue Code and to provide for the forfeiture of any firearm produced in this manner without the tax first having been paid. The bill would also extend the provisions of the National Firearms Act to the Territories of Alaska and Hawaii.

### GENERAL STATEMENT

The principal purpose of the enactment of subchapter B of chapter 25 and part VIII of subchapter A of chapter 27 of the Internal Revenue Code (known as the National Firearms Act) was to control the traffic in machine guns and sawed-off guns, the type of firearms commonly used by the gangster element. The Congress felt that such control was necessary to curb the growing frequency of crimes of violence in which people were killed or injured by the use of such dangerous weapons.

The National Firearms Act defines a fireman to mean a shotgun or rifle having a barrel of less than 18 inches in length, or any other

weapon, except a pistol or revolver, from which a shot is discharged by an explosive if such weapon is capable of being concealed on the person, or a machine gun, including a muffler or silencer for any firearm whether or not such firearm is included within the foregoing definition, but not including a rifle of .22 caliber or less with a barrel 16 inches or more in length. The act also levies an occupation tax upon the business of the importer and manufacturer of and dealer in such firearms and excise taxes on the transfer of such firearms; makes it unlawful for any person to transfer a firearm except in pursuance to a written order from the transferee on an application approved by the Commissioner of Internal Revenue; makes it unlawful to possess a firearm which has been transferred without conformity with the transfer provisions; and provides controls over imports and exports of fire arms.

The Treasury Department is charged with the enforcement of this act. Your committee is advised that the act has had a salutary effect upon the public and that its enforcement has been, to a large extent, effective in keeping gangster-type firearms, particularly machine guns and machine pistols, out of the hands of criminals. From June 26, 1934, to March 31, 1952, 51,297 firearms were registered with the Department by individuals. During the same period, 526,755 firearms were registered by manufacturers and 905,987 transfers of firearms of all kinds were recorded. From October 1941, to March 31, 1952, 3,171 firearms were seized, including 285 made by sawing off barrels, and 441 cases were reported for prosecution. A continuous educational program has evoked wide support from private citizens, civic groups, sportsmen's organizations and law-enforcement officers. One of the results has been that 8,861 firearms have been deactivated, that is, rendered unserviceable, by the Department in the interest of public safety with the consent and at the request of the owners.

Since the effective control over fully automatic firearms, such as machine guns and machine pistols, has made it difficult for criminals to obtain such firearms, the sawed-off shotgun has become the favorite offensive weapon of such criminals. By the comparatively simple device of purchasing standard shotguns from legitimate dealers and then sawing off the barrels to a length of less than 18 inches, criminals are able to make vicious weapons without incurring the penalties of the act. Since such weapons are seldom transferred after the barrels have been sawed off, the owners cannot be prosecuted for possession of a firearm unlawfully transferred. Hence, the act does not reach those who possess sawed-off shotguns made in this manner. It is this defect in the act which the bill is designed to correct.

## DETAILED EXPLANATION

Section 1 of the bill brings such sawed-off shotguns under the act by taxing the action of sawing off the barrel or otherwise making such firearm, by requiring the filing of a declaration of intention and payment of the tax prior to such making, and by imposing the penalties of the act upon those making such firearms without first paying the tax and filing the declaration of intention. Your committee believes this provision will enable the Department of the Treasury to control more effectively the traffic in sawed-off shotguns.

Section 2 of the bill would extend the provisions of the National Firearms Act to the Territories of Alaska and Hawaii.

Section 2720 imposes a tax upon the transfer of firearms in the continental United States. Subsections (d), (e), and (f) of section 2733 define importer, manufacturer, and dealer to mean those engaged in the business of importing, manufacturing, or selling firearms in the continental United States. Section 2733 (c) defines "continental United States" as the States of the United States and the District of Columbia. Hence, the provisions of the act dealing with taxes on transfers of, importers and manufacturers of, and dealers in firearms and with registrations of firearms are applicable only in the several States and the District of Columbia. Transfers of firearms within Alaska and Hawaii or from dealers in the several States to purchasers in such Territories are not now taxable, and dealers in firearms in such Territories are not liable to pay the occupational taxes. Since all other excise taxes have been made applicable to Alaska and Hawaii, your committee believes that the excise taxes imposed by the National Firearms Act should also be made applicable to such possessions.

Section 3 of the proposed bill adds certain technical amendments which are made necessary by the addition of section 2734, provided for in section 1 of the bill, and by the extension of the Firearms Act to Alaska and Hawaii, as provided for in section 2 of the bill.

Sections 2723 (c), 2726 (a), 2730 (a), 2731, and 3263 (b) are amended to make such sections conform with the provisions of the proposed section 2734 (sec. 1 of this bill).

Section 3261 (b) is amended by striking out the proviso, which states an exception to the requirement of registration, and adding in place thereof a new statement which would include within the exception those who comply with the new section 2734 provided for in section 1 of the bill. This amendment is deemed necessary because of the addition of new section 2734. Under section 3261 (b) there will be a continuing requirement to register all firearms not acquired in conformity with any applicable provisions of the act, irrespective of the date of acquisition. Because of this continuing requirement, subsection (c) of section 3261, in respect of a presumption as to the time of acquiring an unregistered firearm, is repealed as no longer necessary for the effective enforcement of the act.

Section 4 of the bill provides for the effective date of such bill and imposes certain limitations upon the enforcement of the National Firearms Act in Alaska and Hawaii. These limitations are designed to prevent inequities in the application of the act to such Territories.

CHANGES IN EXISTING LAW

In compliance with subsection 4 of rule XXIX of the Standing Rules of the Senate, changes in existing law made by the bill are shown as follows (existing law proposed to be omitted is enclosed in black brackets; new matter is printed in italics; existing law in which no change is proposed is shown in roman):

INTERNAL REVENUE CODE

Subchapter B—Machine Guns and Short-barreled Firearms

### SEC. 2721. EXEMPTIONS.

(a) Rate.—There shall be levied, collected, and paid upon firearms transferred in the [continental] United States a tax at the rate of $200 for each firearm: *Provided*, That the transfer tax on any gun with two attached barrels, twelve inches, or more in length, from which only a single discharge can be made from either barrel without manual reloading, or any gun designed to be held in one hand when fired and having a barrel twelve inches or more in length from which only a single discharge can be made without manual reloading, shall be at the rate of $1. The tax imposed by this section shall be in addition to any import duty imposed on such firearm.

(b) By Whom Paid.—Such tax shall be paid by the transferor.

(c) How Paid.—

(1) Stamps.—Payment of the tax herein provided shall be represented by appropriate stamps to be provided by the Commissioner, with the approval of the Secretary.

(2) Cross-reference.—

For assessment in case of omitted taxes payable by stamp, see sections 3311 and 3640.

(d) Registration and Special Tax.—

For requirements as to registration and special tax, see Part VIII of subchapter A of chapter 27.

### SEX. 2720. TAX.

(a) Transfers Exempt.—This subchapter and Part VIII of subchapter A of chapter 27 shall not apply to the transfer of firearms (1) to the United States Government, any State, Territory, or possession of the United States, or to any political subdivision thereof, or to the District of Columbia; (2) to any peace officer or any Federal officer designated by regulations of the Commissioner; (3) to the transfer of any firearm which is unserviceable and which is transferred as a curiosity or ornament.

(b) Notice of Exemption.—If the transfer of a firearm is exempted as provided in subsection (a), the person transferring such firearm shall notify the Commissioner of the name and address of the applicant, the number or other mark identifying such firearm, and the date of its transfer, and shall file with the Commissioner such documents in proof thereof as the Commissioner may by regulations prescribe.

(c) Other Taxes.—

For exemption from the tax on pistols and revolvers, see section 2700 (b) (2), and for exemption from the manufacturer's sales tax on firearms, see section 3407 of chapter 29.

### SEC. 2722. STAMPS.

(a) Affixing.—The stamps provided for in section 2720 (c) (1) shall be affixed to the order for such firearm, hereinafter provided for.

(b) Other Laws Applicable.—

For provisions relating to the engraving, issuance, sale, accountability, cancellation, and distribution of tax-paid stamps, see section 7231.

### SEC. 2723. ORDER FORMS.

(a) General Requirements.—It shall be unlawful for any person to transfer a firearm except in pursuance of a written order from the person seeking to obtain such article, on an application form issued in blank in duplicate for that purpose by the Commissioner. Such order shall identify the applicant by such means of identification as may be prescribed by regulations under this subchapter and Part VIII of subchapter A of chapter 27: *Provided*, That, if the applicant is an individual such identification shall include fingerprints and a photograph thereof.

(b) Contents of Order Form.—Every person so transferring a firearm shall set forth in each copy of such order the manufacturer's number or other mark identifying such firearm, and shall forward a copy of such order to the Commissioner. The original thereof with stamps affixed, shall be returned to the applicant.

[(c) Prior Transfers.—No person shall transfer a firearm which has previously been transferred on or after July 26, 1934, unless such person, in addition to complying with subsection (b), transfers therewith the stamp-affixed order provided for in this section for each such prior transfer, in compliance with such

regulations as may be prescribed under this subchapter for proof of payment of all taxes on such firearms.]

(c) DOCUMENTS TO ACCOMPANY TRANSFERS.—No person shall transfer a firearm unless such person, in addition to complying with subsection (b), transfers therewith (in compliance with such regulations as may be prescribed under this subchapter for proof of payment of all taxes on such firearm)—

(1) for each prior transfer of such firearm which was subject to the tax imposed by section 2720 (a), the stamp-affixed order provided in this section, and

(2) for any making of such firearm which was subject to the tax imposed by section 2734 (a), the stamp-affixed declaration provided in section 2734.

(d) EXEMPTION IN CASE OF REGISTERED IMPORTERS, MANUFACTURERS, AND DEALERS.—Importers, manufacturers, and dealers who have registered and paid the tax as provided for in Part VIII of subchapter A of chapter 27 shall not be required to conform to the provisions of this section with respect to transactions in firearms with dealers or manufacturers if such dealers or manufacturers have registered and have paid such tax, but shall keep such records and make such reports regarding such transactions as may be prescribed by regulations under this subchapter and Part VIII of subchapter A of chapter 27.

(e) SUPPLY.—The Commissioner, with the approval of the Secretary, shall cause suitable forms to be prepared for the purposes of subsection (a), and shall cause the same to be distributed to collectors of internal revenue.

SEC. 2724. BOOKS, RECORDS, AND RETURNS.

Importers, manufacturers, and dealers shall keep such books and records and render such returns in relation to the transactions in firearms specified in this subchapter and Part VIII of subchapter A of chapter 27 as the Commissioner with the approval of the Secretary, may by regulations require.

SEC. 2725. IDENTIFICATION OF FIREARMS.

Each manufacturer and importer of a firearm shall identify it with a number or other identification mark approved by the Commissioner, such number or mark to be stamped or otherwise placed thereon in a manner approved by the Commissioner.

SEC. 2726. UNLAWFUL ACTS.

(a) POSSESSING FIREARMS UNLAWFULLY TRANSFERRED OR MADE.—It shall be unlawful for any person to receive or possess any firearm which has at any time been transferred in violation of [sections] section 2720, 2721 (b), 2722, 2723, 2727, [and] or 2731 of this [subchapter.] subchapter, or which has at any time been made in violation of section 2734 of this subchapter.

(b) REMOVING OR CHANGING IDENTIFICATION MARKS.—It shall be unlawful for anyone to obliterate, remove, change, or alter the number or other identification mark required by section 2725. Whenever on trial for a violation of this subsection the defendant is shown to have or to have had possession of any firearm upon which such number or mark shall have been obliterated, removed, changed, or altered, such possession shall be deemed sufficient evidence to authorize conviction, unless the defendant explains such possession to the satisfaction of the jury.

(c) IMPORTING FIREARMS ILLEGALLY.—It shall be unlawful (1) fraudulently or knowingly to import or bring any firearm into the United States or any territory under its control or jurisdiction (including the Philippine Islands), in violation of the provisions of this subchapter and Part VIII of subchapter A of chapter 27; or (2) knowingly to assist in so doing; or (3) to receive, conceal, buy, sell, or in any manner facilitate the transportation, concealment, or sale of any such firearm after being imported or brought in, knowing the same to have been imported or brought in contrary to law. Whenever on trial for a violation of this section the defendant is shown to have or to have had possession of such firearm, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains such possession to the satisfaction of the jury.

SEC. 2727. EXPORTATION.

Under such rules and regulations as the Commissioner, with the approval of the Secretary, may prescribe, and upon proof of the exportation of any firearm to any foreign country (whether exported as part of another article or not) with respect to which the transfer tax under section 2720 has been paid by the manufacturer, the Commissioner shall refund to the manufacturer the amount of the tax so paid, or, if the manufacturer waives all claim for the amount to be refunded, the refund shall be made to the exporter.

**6**     MACHINE GUNS AND SHORT-BARRELED FIREARMS

### SEC. 2728. IMPORTATION.

No firearm shall be imported or brought into the United States or any territory under its control or jurisdiction (including the Philippine Islands), except that, under regulations prescribed by the Secretary, any firearm may be so imported or brought in when (1) the purpose thereof is shown to be lawful and (2) such firearm is unique or of a type which cannot be obtained within the United States or such territory.

### SEC. 2729. PENALTIES.

Any person who violates or fails to comply with any of the requirements of this subchapter and Part VIII of subchapter A of chapter 27 shall, upon conviction, be fined not more than $2,000 or be imprisoned for not more than five years, or both, in the discretion of the court.

### SEC. 2730. FORFEITURES.

(a) LAWS APPLICABLE.—Any firearm which has at any time been [transferred] *transferred or made* in violation of the provisions of this subchapter and Part VIII of subchapter A of chapter 27 shall be subject to seizure and forfeiture, and (except as provided in subsection (b)) all the provisions of internal-revenue laws relating to searches, seizures, and forfeiture of unstamped articles are extended to and made to apply to the articles taxed under this subchapter, and the persons to whom this subchapter and Part VIII of subchapter A of chapter 27 applies.

(b) DISPOSAL.—In the case of the forfeiture of any firearm by reason of a violation of this subchapter and Part VIII of subchapter A of chapter 27: No notice of public sale shall be required; no such firearm shall be sold at public sale; if such firearm is in the possession of any officer of the United States except the Secretary, such officer shall deliver the firearm to the Secretary; and the Secretary may order such firearm destroyed or may sell such firearm to any State, Territory, or possession (including the Philippine Islands), or political subdivision thereof, or the District of Columbia, or retain it for the use of the Treasury Department or transfer it without charge to any executive department or independent establishment of the Government for use by it.

### SEC. 2731. OTHER LAWS APPLICABLE.

All provisions of law (including those relating to special taxes, to the assessment, collection, remission, and refund of internal revenue taxes, to the engraving, issuance, sale, accountability, cancellation, and distribution of tax-paid stamps provided for in the internal-revenue laws, and to penalties) applicable with respect to the taxes imposed by sections 2550 of subchapter A of chapter 23 and 3220 of subchapter A of chapter 27, and all other provisions of the internal-revenue laws shall, insofar as not inconsistent with the provisions of this subchapter and Part VIII of subchapter A of chapter 27, be applicable with respect to the taxes imposed by [section 2720 (a)] *sections 2720 (a) and 2734 (a)* of subchapter B of this chapter and section 3260 of subchapter A of chapter 27.

### SEC. 2732. REGULATIONS.

The Commissioner, with the approval of the Secretary, shall prescribe such rules and regulations as may be necessary for carrying the provisions of this subchapter and Part VIII of subchapter A of chapter 27 into effect.

### SEC. 2733. DEFINITIONS.

That for the purposes of this subchapter and Part VIII of subchapter A of chapter 27—

(a) FIREARM.—The term "firearm" means a shotgun or rifle having a barrel of less than eighteen inches in length, or any other weapon, except a pistol or revolver, from which a shot is discharged by an explosive if such weapon is capable of being concealed on the person, or a machine gun, and includes a muffler or silencer for any firearm whether or not such firearm is included within the foregoing definition, but does not include any rifle which is within the foregoing provisions solely by reason of the length of its barrel if the caliber of such rifle is .22 or smaller and if its barrel is sixteen inches or more in length.

(b) MACHINE GUN.—The term "machine gun" means any weapon which shoots, or is designed to shoot, automatically or semiautomatically, more than one shot, without manual reloading, by a single function of the trigger.

[(c) CONTINENTAL UNITED STATES.—The term "continental United States" means the States of the United States and the District of Columbia.]

(d) IMPORTER.—The term "importer" means any person who imports or brings firearms into the [continental] United States for sale.

(e) MANUFACTURER.—The term "manufacturer" means any person who is engaged within the [continental] United States in the manufacture of firearms, or who otherwise produces therein any firearm for sale or disposition.

(f) DEALER.—The term "dealer" means any person not a manufacturer or importer engaged within the [continental] United States in the business of selling firearms. The term "dealer" shall include wholesalers, pawnbrokers, and dealers in used firearms.

(g) INTERSTATE COMMERCE.—The term "interstate commerce" means transportation from any State or Territory or District, or any insular possession of the United States (including the Philippine Islands), to any other State or to the District of Columbia.

(h) TO TRANSFER OR TRANSFERRED.—The term "to transfer" or "transferred" shall include to sell, assign, pledge, lease, loan, give away, or otherwise dispose of.

(i) PERSON.—The term "person" includes a partnership, company, association or corporation, as well as a natural person.

### SEC. 2734. TAX ON MAKING FIREARMS.

(a) RATES.—*There shall be levied, collected, and paid upon the making in the United States of any firearm (whether by manufacture, putting together, alteration, any combination thereof, or otherwise) a tax at that rate provided in section 2720 (a) which would apply to any transfer of the firearm so made.*

(b) EXCEPTIONS.—*The tax imposed by subsection (a) shall not apply to the making of a firearm—*

*(1) by any person who is engaged within the United States in the business of manufacturing firearms;*

*(2) from another firearm with respect to which a tax has been paid, prior to such making, under either section 2720 (a) or under subsection (a) of this section; or*

*(3) for the use of (A) the United States Government, any State, Territory, or possession of the United States, any political subdivision thereof, or the District of Columbia, or (B) any peace officer or any Federal officer designated by regulations of the Secretary.*

Any person who makes a firearm in respect of which the tax imposed by subsection (a) does not apply by reason of the preceding sentence shall make such report in respect thereof as the Secretary may by regulations prescribe.

(c) BY WHOM PAID; WHEN PAID.—*The tax imposed by subsection (a) shall be paid by the person making the firearm. Such tax shall be paid in advance of the making of the firearm.*

(d) HOW PAID.—*Payment of the tax imposed by subsection (a) shall be represented by appropriate stamps to be provided by the Secretary.*

(e) DECLARATION.—*It shall be unlawful for any person subject to the tax imposed by subsection (a) to make a firearm unless, prior to such making, he has declared in writing his intention to make a firearm, has affixed the stamp described in subsection (d) to the original of such declaration, and has filed such original and a copy thereof. The declaration required by the preceding sentence shall be filed at such place, and shall be in such form and contain such information, as the Secretary may by regulations prescribe. The original of the declaration, with the stamp affixed, shall be returned to the person making the declaration. If the person making the declaration is an individual, there shall be included as part of the declaration the fingerprints and a photograph of such individual.*

\*    \*    \*    \*    \*    \*    \*

### SEC. 3261. REGISTRATION.

(a) IMPORTERS, MANUFACTURERS, AND DEALERS.—Upon first engaging in business, and thereafter on or before the 1st day of July of each year, every importer, manufacturer, and dealer in firearms shall register with the collector of internal revenue for each district in which such business is to be carried on his name or style, principal place of business, and places of business in such district.

(b) PERSONS IN GENERAL.—Every person possessing a firearm shall register, with the collector of the district in which he resides, the number or other mark identifying such firearm, together with his name, address, place where such firearm is usually kept, and place of business or employment, and, if such person is other than a natural person, the name and home address of an executive officer thereof[: *Provided,* That no person shall be required to register under this subsection with respect to any firearm acquired after July 26, 1934, and in conformity with the provisions of this part and subchapter B of chapter 25]. *No person shall be required to register under this subsection with respect to a firearm which such person acquired by transfer or importation or which such person made, if provisions*

8       MACHINE GUNS AND SHORT-BARRELED FIREARMS

*of subchapter B of chapter 25 applied to such transfer, importation, or making, as the case may be, and if the provisions which applied thereto were complied with.*

[(c) PRESUMPTION OF POSSESSION.—Whenever on trial for a violation of section 2726 (a) hereof the defendant is shown to have or to have had possession of such firearm at any time after September 24, 1934, without having registered as required by subsection (b), such possession shall create a presumption that such firearm came into the possession of the defendant subsequent to July 26, 1934, but this presumption shall not be conclusive.]

\*     \*     \*     \*     \*     \*     \*

## SEC. 3263. UNLAWFUL ACTS IN CASE OF FAILURE TO REGISTER AND PAY SPECIAL TAX

(a) IMPORTATION, MANUFACTURE, OR DEALING IN FIREARMS.—It shall be unlawful for any person required to register under the provisions of section 3261 to import, manufacture, or deal in firearms without having registered and paid the tax imposed by section 3260.

(b) TRANSPORTATION IN INTERSTATE COMMERCE.—It shall be unlawful for any person who is required to register as provided in section 3261 (b) and who shall not have so registered, or any other person who has not in his possession a stamp-affixed order as provided in section 2723 *or a stamp-affixed declaration as provided in section 2734*, to ship, carry, or deliver any firearm in interstate commerce.

\*     \*     \*     \*     \*     \*     \*

○