# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RYAN S. WATSON, Individually and as Trustee of the WATSON FAMILY GUN TRUST, | : : : | No. 2:14-cv-06569-SD |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| LORETTA E. LYNCH, Attorney General of the United States, and THOMAS E. BRANDON, Acting Director of the Bureau of Alcohol, Tobacco, Firearms & Explosives, | : : : : | |
| | : | |
| Defendants.[1] | : | |

_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | No. 15-cv-2202 |
| | : | |
| v. | : | |
| | : | |
| ONE (1) PALMETTO STATE ARMORY PA-15 MACHINEGUN RECIEVER/FRAME, UNKNOWN CALIBER, SERIAL NUMBER: LW001804 | : : : : | |
| | : | |
| Defendant, and | : | |
| | : | |
| WATSON FAMILY GUN TRUST, | : | |
| | : | |
| Claimant. | : | |

## PLAINTIFF'S UNCONTESTED MOTION TO CONSOLIDATE AND STAY FORFEITURE PROCEEDINGS

---

[1]Upon taking office, Attorney General Lynch and Acting Director of the Bureau of Alcohol, Tobacco, Firearms & Explosives Thomas E. Brandon, were automatically substituted as parties to this action pursuant to Federal Rule of Civil Procedure 25(d).

Plaintiff Ryan, S. Watson, Individually and as Trustee of the Watson Family Gun Trust, by and through undersigned counsel, respectfully requests the above captioned cases be consolidated and all forfeiture proceedings be stayed, and in support thereof avers as follows:

1.      The above captioned matters arise from the same factual circumstances and involve similar, if not identical questions of law and fact.

2.      On or about August 5, 2014, Plaintiff, was approved by the Bureau of Alcohol, Tobacco, Firearms, and Explosives (hereinafter "BATFE") to manufacture a machine gun.

3.      After a machine gun was manufactured pursuant to said approval, BATFE rescinded its approval and confiscated the firearm.

4.      Plaintiff brought the above civil action Case No. 2:14-cv-06569-SD on November 14, 2014 seeking declaratory and injunctive relief from 18 U.S.C. § 922(o), 26 U.S.C. § 5801 *et seq.* and the implementing regulations 27 C.F.R. § 479.1 *et seq.* and among other things infringement of Second Fourth, and Fifth Amendment rights as a result of BATFE's actions as well as the return of the confiscated firearm.

5.      On or about April 24, 2015, The United States instituted the above captioned Case No. 15-cv-2202 seeking the forfeiture of the manufactured machine gun.

6.      On or about May 26, 2015, the Watson Family Gun Trust filed a verified claim of interest in Case No. 15-cv-2202.

7.      On or about June 12, 2015, the Watson Family Gun Trust filed an Answer to the forfeiture Complaint in Case No. 15-cv-2202 in which it raised as affirmative defenses many of the same arguments made in Case No.2:14-cv-06569-SD.

8.      Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, this Honorable Court may consolidate separate actions that involve "a common question of fact or law."

9.      Consolidation is at the sole discretion of the Court and is a "matter of convenience and economy in administration." *In re TMI Litig.,* 193 F.3d 613, 724 (3rd Cir. 1999) amended, 199 F.3d 158 (3d Cir. 2000)(citation omitted).

10.     The Court may also consolidate matters to "prevent conflicting outcomes in cases involving similar legal and factual issues." *Id*.

11.     The above captioned cases both involve common questions of law and fact, such as whether or not an unincorporated trust may legally possess the machine gun listed as the Defendant in the forfeiture action, whether or not 18 U.S.C. § 922(o) violates the Second Amendment to the United States Constitution, and whether or not Plaintiff is entitled to the return of the confiscated firearm.

12.     As the above captioned cases are substantially related and involve common questions of law and fact, consolidation will promote convenience and economy for the Court as well as all parties involved.

13.     Further, consolidation will prevent conflicting outcomes in the proceedings where the legal issues and facts are essentially the same.

WHEREFORE, Plaintiff respectfully requests that the above captioned matters be consolidated and all forfeiture proceedings be stayed.

Respectfully submitted,

Dated: June 12, 2015

  /s/ David Scott
David Scott, Esq.
Attorney for Plaintiff
P.A. ID 313491
J. Scott Watson, P.C.
24 Regency Plaza
Glen Mills, PA 19342
(610) 358-9600
David.Scott@jscottwatson.com

## <u>CERTIFICATE OF COUNSEL OF UNCONTESTED MOTION</u>

I, David Scott, Attorney for Plaintiff, hereby certify that I have conferred with opposing

counsel, Eric J. Soskin and Jacqueline C. Romero, and that Plaintiff's Motion is uncontested.


Dated: June 12, 2015                                   /s/ David Scott
                                                       David Scott, Esq.